FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

ERK'S OFFICE
T BALTIMORE

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYANN PRANULIS          :

                          :

vs.                       :    CIVIL ACTION NO. JKB-07-530

                          :

UNITED STATES OF AMERICA  :

### MEMORANDUM

Pending and ready for disposition is defendant's motion for summary judgment. (Paper No. 15). The motion has been fully briefed (Paper Nos. 16 & 17), and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, the motion for summary judgment will be granted.

*I. Background*

Maryann Pranulis, a scientist working for a government contractor at Fort Detrick in Frederick, Maryland, was injured when she fell as she walked to a meeting on a sidewalk on the post on a clear summer day on June 30, 2004. She seeks damages for her injuries pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671-2680 and 28 U.S.C. 1346(b)(1), alleging that her fall was caused by a negligently maintained manhole cover on the sidewalk. Specifically, she alleges that the manhole cover was not flush with the pavement but, rather, that it was raised so much that her foot caught the raised edge as she passed.

## II. *Standard of Review*

Generally, an award of summary judgment is proper in federal cases when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir. 1985)(overruled on other grounds). The opposing party, however, may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set forth specific facts showing that there is an issue for trial. Fed. R. Civ. P. 56(e). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. *Id.*

### III. Analysis

The defendant asserts three grounds entitling it to summary judgment: that the defect of which Ms. Pranulis complains was open and obvious, that Ms. Pranulis assumed the risk of injury, and that Ms. Pranulis was contributorily negligent. The Court finds that, indeed, the condition of the manhole cover was open and obvious, thus barring her recovery, and, therefore, the issues of assumption of risk and contributory negligence will not be addressed.

State law, including choice of law, provides the source of substantive liability under the FTCA. *U.S. v. St. Louis University*, 33 F.3d 294 (4th Cir. 2003). Pursuant to Maryland choice of law principles, the law to be applied is that of the state where the injury occurred, *i.e.* the law of Maryland itself. *Id*. In Maryland, a landowner has a duty to use reasonable and ordinary care to keep his premises safe for an invitee and to protect an invitee from injury caused by an unreasonable risk that the invitee, by exercising ordinary care for her own safety, will not discover. *Casper v. Chas. F. Smith & Son, Inc.*, 560 A.2d 1130, 1135 (Md. 1989)(citations omitted). When a danger on the land is "an open, obvious and patent danger," the landowner ordinarily has no duty to warn an invitee of that danger. *Id*.

Cited by both parties and of particular salience and force in respect to the case under consideration is the opinion of Judge

Davis in *Gellerman v. Shawan Road Hotel Limited Partnership*, 5 F. Supp. 2d 351 (D. Md. 1998). That action was brought by a 68-year-old woman who tripped on a curb/sidewalk joint that protruded less than an inch. Judge Davis wrote:

> "There is no exact test or formula by which it may be determined, as a matter of law, that a condition is so open and obvious that an invitee is charged with knowledge of its existence and consents to the risk. Each case must depend on its own facts and circumstances." *Adkins v. Sutherland Lumber Co.*, 307 S.W.2d 17, 22-23 (Mo. Ct. App. 1957). Nevertheless, "[i]t is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." *Crenshaw v. Hogan,* 203 Ga. App. 104, 105, 416 S.E.2d 147 (1992). ("The pedestrian must be aware of the 'irregularities in grade, unevenness in surface [and] sharp depressions' frequently present in public walkways ....If the defect is open and obvious, an injured pedestrian may not recover unless he can prove that external conditions prevented his seeing the defect or would excuse his failure to see it....Failure to observe would be excused only by a distraction that was unexpected and substantially beyond the miscellany of activity normally found on public sidewalks ....")(applying Virginia law; citations omitted).

*Id.* at 353.

As did Judge Davis, the Court in this case has carefully reviewed the memoranda and exhibits offered. Ms. Pranulis, at deposition, testified that she had made the walk past the manhole cover "at least 24 times" and that she had avoided the area around the manhole cover because it "looked menacing" and was "not well

maintained." Pranulis Deposition, p. 22. She testified further that there was nothing obstructing her view of the manhole cover. Pranulis Deposition, pp. 32-33. Review of photographs of the manhole cover reveal it to be an open grate with lips protruding over the pavement to hold it in place. Pranulis Deposition Exhibits 10-11, 13-16.[1] The Court is convinced that, as a matter of law, the condition of the manhole cover over which Ms. Pranulis tripped was open and obvious and that Maryland law precludes recovery in a case such as this. The Court notes, moreover, one significant difference in this case from the situation in *Gellerman*, *i.e.*, in that case the plaintiff failed to observe the dangerous condition, but in this case Ms. Pranulis observed the condition, appreciated its "menacing" appearance and sought to avoid it. Her accident was caused not by a hidden condition but, as sometimes happens, by a misstep in seeking to traverse it.

*IV. Conclusion*

For the foregoing reasons, an Order will be entered separately granting defendant's motion for summary judgment.

---

[1] Ms. Pranulis seeks to make an issue of the fact that the manhole cover was painted yellow shortly after her fall and that, therefore, the photographs do not accurately portray what faced her. However, three of the photographs (Exhibits 11, 15 and 16) show the manhole in its original black color, which stands out against the pavement not significantly differently than the yellow color.

5

<u>     Oct. 18, 2007     </u>                <u>  /s/ James K. Bredar  </u>
Date                                         James K. Bredar
                                             United States Magistrate Judge